UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JOSEPH GOLDEN AND PEGGY DAVIS, ] | |
| ] | |
| *Plaintiffs*, ] | CASE NO. _____ |
| ] | |
| v. ] | |
| ] | |
| ROMANS GROUP, INC., ] | |
| ] | JURY DEMANDED |
| *Defendant*. ] | |
| _____] | |

## ORIGINAL COMPLAINT

### SUMMARY

1. Romans Group, Inc. (Defendant) did not pay Joseph Golden and Peggy Davis (collectively, Plaintiffs) overtime as required by federal law. Instead, Defendant paid Plaintiffs the same hourly rate for all hours worked, including those in excess of 40 in a workweek. Plaintiffs bring this action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 a significant portion of the facts giving rise to this lawsuit occurred in this District and Division.

### THE PARTIES

4. Joseph Golden (Golden) was an hourly employee of Defendant.

5. Peggy Davis (Davis) was an hourly employee of Defendant.

1

6. Defendant is an Alabama corporation. It conducts substantial business in Texas, both generally and in connection with the facts that gave rise to this complaint. Defendant may be served with process by serving its attorney of record, Timothy M. Watson, Seyfarth Shaw, LLP, 700 Louisiana Street, Suite 3700, Houston, Texas 77002.

## THE FACTS

7. Defendant was established in 2009. It provides environmental consulting services.

8. Golden started working for Defendant in May 2010. Golden left Defendant on good terms.

9. Davis started working for Defendant in August 2010. Golden left Defendant on good terms.

10. During their employment, Plaintiffs reported the hours they worked to Defendant each week.

11. Defendant paid Plaintiffs by the hour for each hour worked.

12. When Plaintiffs worked fewer than 40 hours in a week, Defendant paid them only for the hours they worked.

13. But Plaintiffs normally worked more than 40 hours in a week. In fact, Golden averaged more than 60 hours per week and worked approximately 1,155 overtime hours during his employment with Defendant. Davis averaged more than 55 hours per week during the weeks that she worked, and she worked approximately 242 overtime hours during her employment with Defendant.

14. Defendant paid Plaintiffs at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

### CAUSE OF ACTION

15. Plaintiffs incorporate the preceding paragraphs by reference.

16. By failing to pay Plaintiffs overtime at one-and-one-half times their regular rates, Defendant violated the FLSA's overtime provisions.

17. Defendant owes Plaintiffs the difference between the rate actually paid and the proper overtime rate.

18. Defendant is liable to Plaintiffs for an amount equal to all unpaid overtime wages as liquidated damages.

19. Plaintiffs are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### PRAYER

Plaintiffs pray for relief as follows:

1. Judgment awarding Plaintiffs all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

2. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

3. All such other and further relief to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: **/s/ Rex Burch**
      _____
      Richard J. (Rex) Burch
      Texas Bar No. 24001807
      S.D. Tex. No. 21615
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Facsimile: (713) 877-8065
rburch@brucknerburch.com